PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. EUSTAQUIO FUENTES, Defendant and Appellant.

No. 3761. Argued March 15, 1929.—Decided March 25, 1929.

*Enrique Lefebre* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Eustaquio Fuentes was prosecuted in a municipal court and on appeal was tried *de novo* in a district court and convicted. He took this appeal from that judgment.

The appellant was charged with the commission of a misdemeanor in that unlawfully, wilfully and maliciously he damaged or destroyed personal property of another person, namely, the roof of a pigeon house built of ten sheets of galvanized iron.

It appears from the transcript of the record of the district court that the defendant pleaded not guilty, was tried, judgment was rendered and he appealed; but the evidence has not been brought up.

The appellant assigns two errors in support of his appeal, the first being that the municipal and the district courts had no jurisdiction of the complaint because it does not allege the value of the property destroyed. According to section 511 of the Penal Code, every person who maliciously injures or destroys any real or personal property not his own, except in cases specified in other parts of the code, is guilty of a misdemeanor. As the statute does not require that a certain sum be specified for such an act to constitute a misdemeanor, it was unnecessary that the complaint should contain a statement of the value of the property destroyed because it does not affect the punishment to be imposed (*State* v. *Robinson*, 32 Am. Dec. 670). As municipal courts have jurisdiction of misdemeanor cases under section 1173 of the Revised Statutes of 1911, the first ground of appeal has no basis.

The second is that the complaint should have been more specific and the offense charged against the appellant should have been more detailed. Apart from the fact that no such demurrer was pleaded in the court below and therefore can not be pleaded for the first time in this Supreme Court, the complaint is sufficient because it charges the defendant with the wilfull and malicious destruction of the roof of a pigeon house built of ten sheets of galvanized iron.

The judgment appealed from must be affirmed.